Bigelow, J.
The bill of exceptions in this case presents two questions for the consideration of the court. The first relates to the competency of the admissions of Wheeler, the payee of the note in suit; and we are of opinion, that for the purpose for which they were offered at the trial, they were rightly rejected. By the bill of exceptions, it appears that this testimony was offered on the ground, that by virtue of the statute of 1839 c. 121, § 1, concerning notes payable on demand, the declarations of the payee were to be received in evidence, in like manner as if he had been the owner of the note and the plaintiff on the record. But this is founded on a misconstruction of the statute. The legislature did not intend to change the rules of evidence in the trial of actions brought on such notes by indorsees, so as to make that admissible, which was before incompetent testimony. The word “ defence,” as used in the statute, is not susceptible of any such construction. The manifest intent of this section of the statute was to extend the grounds of defence as respects notes on demand in the hands of indorsees, and to enable promisors to avail themselves of all the legal and equitable considerations which would constitute a good answer to suits, if brought by the payees, such as payment, set-off, and the like. The statute secures to promisors the benefit of all such defences, but it does not allow them to be proved by any other or different evidence, than such as would be competent in any other cases. Thayer v. Buffum, 11 Met. 398. The admissions of Wheeler, the payee, having been made after he had sold the note to the plaintiff, were therefore wholly inadmissible.
*208 It was suggested in the very elaborate argument in behalf of the defendant, that this evidence, although not admissible for the purpose or on the ground on which it was offered at the trial, was nevertheless competent to control and contradict the testimony of Wheeler, he having been called as a witness by the plaintiff. This may be so, but it is too late for the defendant now to avail himself of any such ground. In the first place, it does not appear by the exceptions what the nature of the admissions offered to be proved was, and the court cannot set aside a verdict merely upon a supposition that such admissions, as are now suggested, might be proved. But the more decisive answer is, that the evidence was not offered for any such purpose. When evidence is offered at the trial of a cause for a special purpose, and its admissibility is put by the party offering it upon a distinct legal ground, and the evidence is thereupon rejected, the party cannot afterwards, on exceptions taken to the rejection of the evidence, offer it for a new purpose and avail himself of additional reasons for its competency, which were not suggested at the trial. It may be, if it had been offered for the purpose now stated, no objection would have been made to its competency, or if made, it would, most probably, have been overruled. The party must now be confined to the specific offer which he made at the trial. Wait v. Maxwell, 5 Pick. 217; Holbrook v. Burt, 22 Pick. 552; Howard v. Hayward, 10 Met. 409; Waters v. Gilbert, 2 Cush. 27; Holbrook v. Jackson, 7 Cush. 136,154.
We now come to the consideration of the remaining exception taken at this trial. The rule is now well settled, that if the note of a firm is given by one copartner for his individual debt, during the continuance of the copartnership, and the other copartner, with a knowledge of this fact, recognizes and ratifies the note so given as a partnership note, it becomes thereby binding on the firm. A subsequent ratification, in such cases, is deemed to be equivalent to a previous authority, and no new consideration is necessary to give validity to the note. Such ratification or recognition may be implied or inferred from the acts or omissions of the other copartner, after he knows or has the means of knowing, that his copart *209 ner has signed the partnership name for an individual debt; a fortiori, it may be presumed, when there is proof of an express promise to pay the note by the copartner who did not sign it. Sweetser v. French, 3 Cush. 309; Gansevoort v. Williams, 14 Wend. 139,140; Bank of Kentucky v. Brooking, 2 Littell, 41.
These propositions are not disputed by the counsel for the defendant; but the ground of objection to the instructions of the judge is that the case was not so presented to the jury as to call on them to find such a ratification or recognition of the note by Loring as would make it binding on him. To test the soundness of this position, it is necessary to consider carefully what facts the jury must have found in order to render a verdict for the plaintiff under the instructions actually given to them. It is very clear that the jury were satisfied that the note in suit was given during the continuance of the copartnership, because they were distinctly charged, that if the partnership was dissolved when the note was given, their verdict must be for the defendant. The verdict also establishes the fact that Loring knew the note was given for Wheeler’s private debt, for the jury were expressly instructed that this was one of the facts essential to the plaintiff’s right to recover. It may also be presumed that Loring knew it was the note of the firm which Wheeler held, because the case finds that he never held any other note signed by the partnership name. And, finally, the jury have found an express promise by Loring to pay this note. Here, then, it is proved and found by the jury that the note in suit was given by Rice in the name of the firm during the continuance of the copartnership to pay his individual debt, a knowledge that it was so given by Loring, and an express promise by Loring to pay it. Now these are all the facts which are necessary to constitute a recognition and ratification of the note, as a partnership note, and we are therefore entirely satisfied, that on this finding the defendant Loring may properly be charged on the ground of an assent to and adoption of the note as a contract of the firm. The instructions given to the jury, although they did not distinctly present the question of ratification to their con *210 sideration, yet embraced every fact which was necessary to a verdict on that specific ground, and surely the defendant cannot complain that the jury were also required to find other facts as proved, which were not essential to the plaintiff’s right to recover. Exceptions overruled.